F I L E D
CLERK OF COURT
2025 MAR 18 PM 5: 06
SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>NAKITA T. AGUON,<br><br>Defendant. | CRIMINAL CASE NO. CM0145-21<br>GPD Report Nos.: 21-06538/21-04913<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion for a Mistrial* |

This matter came before the Honorable Joseph N. Camacho on February 24, 2025, for a hearing on Defendant's Motion for a Mistrial. Present at the hearing were: Nakita T. Aguon ("Defendant") with Counsel Michael F. Phillips, and Assistant Attorney General Grant Olan ("Attorney Olan") for the People. Having considered the record of proceedings, briefs, arguments, transcripts, and applicable law, the Court hereby GRANTS Defendant's Motion for a Mistrial and ORDERS the Clerk of Court to immediately reassign the case consistent with Administrative Rule No. 20-001.

## BACKGROUND

This case began on May 25, 2021, and it was assigned to the Honorable Alberto E. Tolentino ("Judge Tolentino"). *See* Compl. (May 26, 2021); *see also* Order Terminating Judge Pro Tempore Appointment (Oct. 4, 2021). On May 2, 2023, Defendant asserted her right to a speedy trial. Def.'s Assertion or Waiver of Speedy Trial (May 2, 2023). Jury trial began on November 16, 2022, but it was paused from late 2022 through summer 2023 due to juror and

judge unavailability. Trial resumed and continued through the summer and fall of 2023. At this time, the People presented their case-in-chief and rested. However, Defendant did not begin her case-in-chief.

The People rested on September 27, 2023. Min. Entry at 10:13:51 AM (Sept. 27, 2023). Several months later, on January 18, 2024, Judge Tolentino announced his disqualification from the case. *See* Form One – Disqualification (Jan. 18, 2024). Judge Tolentino cited a family relationship between his mother-in-law and Attorney David Lujan ("Attorney Lujan"), who was Defendant's previous attorney. *Id.* The Court was further informed of an adversarial relationship between Attorney Lujan and Judge Tolentino's brother-in-law. *Id.* The Disqualification Form also noted an apparent "animus" from Attorney Lujan towards Judge Tolentino as factors contributing to an "appearance of bias." *See generally id.* Because all other Judges of the Superior Court of Guam were also disqualified from this case, the undersigned was appointed as judge *pro tempore. See* Notice of Judge Assignment (Jan. 30, 2024).

On February 16, 2024, a Motions Hearing was held, and the Court granted Defendant's Motion to Withdraw Decision and Order Denying Motion for Disqualification of Prosecutor and took the Defendant's Motion for Grant of Use Immunity to Defense Witness Patrick Indalecio ("Mr. Indalecio") under advisement. *See* Order After Hr'g (Feb. 19, 2024).

On March 1, 2024, a Motions Hearing was held for Defendant's Motion for Disqualification of Prosecutor and Defendant's Motion for Judgment of Acquittal, and the matter was continued to March 22, 2024. *See* Order After Hr'g (Mar. 1, 2024). Although trial was set for March 25, 2024, the trial was vacated and reset to April 8, 2024. *Id.*

On March 19, 2024, Attorney Lujan filed a Motion to Continue Hearing on Amended Supplemental Motion for Disqualification of Prosecutor. *See* Mot. to Continue Hr'g on Am.

Suppl. Mot. for Disqualification of Prosecutor (Mar. 19, 2024). Attorney Lujan was scheduled to escort his wife on March 22, 2024 to Bangkok, Thailand, for several medical appointments and was scheduled to return to Guam on March 30, 2024. *Id.* Attorney Lujan requested that the Motion Hearing be moved to April 12, 2024. *Id.* The Court denied Attorney Lujan's request and moved the Motion Hearing to March 21, 2024. *See* Order Setting Hr'g on Mot. for Disqualification of Prosecutor and Scheduling Order for Other Matters (Mar. 20, 2024).

Following the March 21st Motion Hearing on Defendant's Motion for Disqualification of Prosecutor, the Court took the matter under advisement, vacated the March 22, 2024 Motion Hearing, and vacated the jury trial set for April 8, 2024 until further notice. *See* Order After March 21, 2024 Hr'g (Mar. 21, 2024). A Status Conference was set for Friday, April 12, 2024 where the Parties were expected to discuss a motion hearing date for the Motion for Judgment of Acquittal and date(s) for the continuation of the jury trial. *Id.*

On April 5, 2024, the Court denied Defendant's Motion for Disqualification of Prosecutor. *See* Decision and Order Denying Mot. for Disqualification of Prosecutor (Apr. 5, 2024). On April 12, 2024, a Status Conference was held, and the Court granted Defendant's Motion for Use of Immunity to Defense Witness Mr. Indalecio. *See* Order After April 12, 2024 Hr'g (Apr. 12, 2024). The Motion Hearing on Defendant's Motion for Judgment of Acquittal was continued to May 3, 2024. *Id.*

On May 3, 2024, a Further Proceedings Hearing was held, and the Court heard testimony from all six jurors as to any improper contact with Mr. Indalecio. *See* Order After May 3, 2024 Hr'g (May 3, 2024). Further, the Court granted Defendant's request to have a process server from his office locate and serve Mr. Indalecio a Subpoena to appear at the

continued hearing and file proof of service. *Id.* The hearing to hear testimony from Mr. Indalecio was continued to May 17, 2024. *Id.*

On May 17, 2024, the Court heard testimony from Mr. Indalecio as to the improper contact with the six jurors, and the Court found that there was no jury tampering or improper contact by the jurors and/or Mr. Indalecio. *See* Order After May 17, 2024 Hr'g; Order Finding No Jury Tampering; Jury Trial Shall Commence Aug. 19, 2024; Counsels Shall Meet and Confer to Finalize Jury Instructions and Verdict Form (May 17, 2024). The Court also set the continuation of jury trial as to Defendant's case-in-chief for August 19, 2024 through August 30, 2024. *Id.*

On July 5, 2024, the People filed a Motion for Trial Continuance Until the End of September 2024. *See* People's Mot. for Trial Continuance Until End of Sept. 2024 (July 5, 2024). The People's reasoning was that Attorney Olan—the prosecutor for the case—left Guam for military service. *Id.* Further, Attorney Olan fully briefed and prepared Attorney Randall W. Albright ("Attorney Albright") to replace him while he was away for military service. *Id.* However, since the Court set the continuation of jury trial for August 19 to August 30, 2024, Attorney Albright abruptly resigned and left Guam due to extenuating circumstances. *Id.* Thus, there were no other qualified prosecutors available who possessed the special knowledge of this case, other than Attorney Olan, who was scheduled to return to Guam from military service sometime during mid-September. *Id.* Defendant did not file any opposition, and the Court set a Status Conference for July 26, 2024. *See* Order Setting Status Conference (July 16, 2024). The Court subsequently vacated the jury trial set for August 19, 2024. *Id.*

On July 26, 2024, a Status Conference was held, and the Court set the continuation of the jury trial as to Defendant's case-in-chief for January 6, 2025. *See* Order After July 26, 2024 Hr'g (July 26, 2024).

On January 3, 2025, Attorney Lujan filed a Motion to Withdraw as Counsel for Defendant, and Defendant did not object to his withdrawal. *See* Mot. to Withdraw as Counsel for Def. (Jan. 3, 2025).

On January 6, 2025, a Jury Trial Hearing was held, and the Court granted Attorney Lujan's Motion to Withdraw as Counsel for Defendant. *See* Order After January 6, 2025 Hr'g (Jan. 6, 2025). Further, the Court appointed the Alternate Public Defender to represent Defendant. *Id.* The Court then set the continuation of the jury trial as to Defendant's case-in-chief for February 24, 2025. *Id.*

On January 31, 2025, Attorney Michael F. Phillips entered his appearance as counsel for Defendant. *See* Entry of Appearance (Jan. 31, 2025). Subsequently, on February 6, 2025, Defendant filed a Notice of Intent to File Motions for Mistrial. *See* Def.'s Notice of Intent to File Mots. For Mistrial (Feb. 6, 2025).

On February 7, 2025, a Status Conference was held, and the Court ordered that Defendant's Motion(s) be filed by February 17, 2025 and that the People's response be filed by February 24, 2025. *See* Order After Feb. 7, 2025 Hr'g (Feb. 7, 2025). The Court vacated the jury trial set for February 24, 2025 and set the continuation of the jury trial as to Defendant's case-in-chief for March 10, 2025. *Id.*

On February 24, 2025, a Motions Hearing was held on Defendant's (1) Motion for Mistrial Resulting from Violations Banning Media Coverage and Public Access, and Failure to Maintain an Open Court and Public Trial; (2) Motion to Recuse a Member of the Jury

Resulting from Irreconcilable Conflict with Defense Counsel; and (3) Motion for a Mistrial. *See* Order After Feb. 24, 2025 Hr'g (Feb. 25, 2025). After hearing the arguments from counsels, the Court took the matters under advisement and ordered the Parties to submit their Proposed Orders as to Defendant's Motion for Mistrial. *Id.*

On February 26, 2025, the People filed their Proposed Order as to Defendant's Motion for Mistrial. *See* Decision & Order Denying Def.'s Mot. for a Mistrial (Feb. 26, 2025). Further, the Court vacated the jury trial set for March 10, 2025 due to unexpected circumstances in an ongoing Murder Jury Trial in Saipan that was expected to continue into the week of March 10-14, 2025. *See* Order Vacating Jury Trial (Feb. 26, 2025). The Court further explained that a new trial date would be set after consultation with the attorneys. *Id.*

The Court now issues the following Decision and Order on the matter.

## DISCUSSION

### I. MISTRIAL IS WARRANTED

Defendant argues that the Court should grant her Motion for a Mistrial as "this trial is over 27 months old and the break is over 17 months." Mem. of P. & A. In Support of Def.'s Mot. for a Mistrial at 2. Further, Defendant reminds the Court of the fact that "[t]he last time the Jury heard any evidence in this case was September 27, 2023." *Id.* at 1. The People argue that unlike *People v. Moore*, CF0313-21, which Defendant analogizes her case with, "the Defendant in this matter never moved for a mistrial until long after Judge Tolentino returned to the bench." People's Opp'n to Def.'s Mot. for Mistrial (hereinafter "People's Opp'n") at 3. The People further argue that, unlike *Moore*, trial in this matter continued after Judge Tolentino returned to the bench. *Id.*

The trial court has discretion "to decide whether a given incident merits a mistrial." *People v. Aguon*, 2020 Guam 24 ¶ 22 (quoting *United States v. Nace*, 561 F.2d 763, 768 (9th Cir. 1977)). "We think, that in all cases of this nature, the law has invested Courts of Justice with the authority to discharge a jury from giving any verdict whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165. "Under the rule, a trial can be discontinued when particular circumstances manifest a necessity for so doing, and when failure to discontinue would defeat the ends of justice." *Wade v. Hunter*, 336 U.S. 684, 690 (1949) (citing *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165).

### a. The delays that have already occurred, the foreseeable future delays, and the length of trial are a manifest necessity for discontinuing trial.

In this matter, Defendant incorporated the Honorable Arthur R. Barcinas's recent decision in *People v. Moore* in her Memorandum of Points and Authorities in Support of Her Motion for a Mistrial; thus, this Court will refer to the *Moore* Court's checklist in conducting its analysis. In *Moore*, Defendant analogized his case to *United States v. Lynch*, 598 F.2d 132 (D.C. Cir. 1978). In *Lynch*, the District of Columbia Circuit Court found that the trial court did not abuse its discretion when it declared a mistrial after the judge presiding over the case became ill and could not finish the trial. *Lynch*, 598 F.2d at 135. The District of Columbia Circuit Court reasoned that delay due to the judge's illness, potential additional delay due to the holidays, and the jury's expected length of trial all supported declaration of a mistrial based on manifest necessity. *Id.* Specifically, the District of Columbia Circuit Court was concerned that the jury was subject to "the risk of outside pressure" and "pressure resulting from a desire to decide the case expeditiously," despite no evidence of either concern. *Id.*

Although not binding authority, this Court also recognizes the similarities between this case and *Lynch*. Like *Lynch*, continuing trial would result in the jury being "at-large" for at least a few weeks-likely even longer. *See id.* (noting the jury was at-large during a two-week delay attributed to the judge's illness). In *Lynch*, the District of Columbia Circuit Court was concerned that "further distraction loomed with the impending holidays." *Id.* The risk of distraction because of the holidays is even greater in this case—the jury just returned from an almost eighteen-month holiday break. Finally, in *Lynch*, the Court was concerned that the length of trial had exceeded the jury's expectations. *Id.*; *see e.g., Laguerre v. Stare*, 301 Ga. 122, 125-26 (Ga. 2017) (finding the prolonged length of trial and scheduling conflicts with the jurors' schedules a manifest necessity warranting a mistrial). This concern is particularly applicable to this case. Jury selection began on November 16, 2022. Trial has now gone on for almost eighteen months. Moreover, despite trial beginning almost eighteen months ago, it does not appear that the trial is close to its conclusion. Although the People have rested its case, Defendant still needs to present her case, and both parties need to present closing arguments. Realistically, it is difficult to estimate the time still required to conclude this trial. When the jury enters deliberations, both the risk of exposure to outside pressure and the likelihood the jury will not be able to recall the evidence and testimony from the beginning of trial will be high.

The People argue that the Defendant, not the People, is responsible for the trial's delay. People's Opp'n at 3. Specifically, the People emphasized Defendant's filing of a series of motions as the cause of the trial's delay. *Id.* The Court has paused trial to accommodate Defendant; however, the Court wants to emphasize that the Court has paused trial to accommodate the People as well. Albeit the majority of the delay being attributed to

Defendant, the Court also paused trial due to juror *and* judge availability. Yet, the reasons for delay do not change the fact that the jury has not heard testimony in almost eighteen months and the length of the trial has greatly exceeded the jury's expectations. Absent any evidence or finding of any outside pressure on any of the jurors, the Court does not want to increase the jury's continued risk of outside pressure or media exposure.

The People argue that "[t]he Defendant has failed not only to show prejudice as a result of the People, but also to show how a cautionary instruction is unlikely to cure any prejudice." People's Opp'n at 4. Although a cautionary instruction could remedy any concerns about the jury's exposure to outside pressure, it does not change the fact that delay has already occurred and there exists foreseeable delay in the future. Over the course of seventeen months, a couple of jury members were already dismissed, and all alternates have been used. Min. Entry (Feb. 24, 2025). Still, the Court is mindful that the longer trial continues and the increased possibilities that jurors may have to be excused this late into the trial, the more likely it is that the jury could rush deliberations and fail to adequately consider the case. *See State v. Yeboah*, 691 N.W.2d 87, (Minn. Ct. App. 2005) ("It is difficult to imagine a more disgruntled juror than one who has had to forgo a planned vacation under these circumstances...such an attitude surely does not inure the benefit of a criminal defendant").

Defense asserts that in addition to the length of trial, there was "no way that [he] could be prepared with twenty-one (21) days of evidence" and that counsel had to review everything related to the trial. Min. Entry (Feb. 24, 2025). Should trial continue, both parties would likely be compelled to conduct a review of about twenty-one (21) days' worth of evidence and testimony. Min. Entry (Feb. 24, 2025). This fact, which is highly attributable to the length of

trial, could negatively impact both parties—not solely Defendant—and the Court is concerned that the jurors will not recall the evidence and testimony from the beginning of trial.

### b. Further delay to trial is inconsistent with the ends of justice.

On May 2, 2023, Defendant asserted her right to a speedy trial. Def.'s Assertion or Waiver of Speedy Trial (May 2, 2023). As trial has already begun in this case, the speedy trial clock has tolled. 8 G.C.A. § 80.60; *see also People v. Naich*, 2013 Guam 7 ¶ 50. Based on the record, Defendant never waived her right to a speedy trial. As such, the Court acknowledges that it has a responsibility to expedite this trial. *See* 8 G.C.A. § 80.50(a) (stating judicial officers have a duty to expedite criminal proceedings "to the greatest degree that is consistent with the ends of justice"). The Supreme Court of Guam, in the context of speedy trial analysis, has found that conduct of the defendant and delay arising from unforeseen circumstances-such as illness--constitutes good cause. *People v. Flores*, 2009 Guam 22 ¶ 32. "Delay attributable to improper Court administration, however, does not constitute good cause." *Id.*

The delay in this trial attributed to Judge Tolentino's previous absence, Attorney Olan's absence due to military service, and Attorney Lujan's absence due to his wife's medical trip and conflicting schedules constitute good cause. *See Flores*, 2009 Guam ¶ 32. Even more so, this Court vacated trial until further notice due to conflicting schedules between this case and an ongoing murder case in Saipan, CNMI. The Court would be failing to expedite trial if it allowed this trial to continue when the additional delay is foreseeable.

\\

\\

\\

\\

## CONCLUSION

For the above reasons, the Court hereby **GRANTS** Defendant's Motion for a Mistrial and **ORDERS** the Clerk of Court to immediately reassign the case consistent with Administrative Rule No. 20-001.

**SO ORDERED**, this /0th day of March, 2025.

_____

**HONORABLE JOSEPH N. CAMACHO**
Judge Pro Tempore, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

AG, Phillips &
Bordallo
Date: 3/18/25 Time: 5:19 pm
Antonio J Cruz
Deputy Clerk, Superior Court of Guam